UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSE CESAR CAMACHO,

                   Petitioner,

    v.

JOE LOMBARDO,

                   Respondent.

Case No. 2:18-cv-01263-APG-NJK

**ORDER**

       This *pro se* habeas petition under 28 U.S.C. § 2254 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

       Initially, petitioner has filed a § 2254 petition but it does not appear that he is currently in the custody of the state courts pursuant to a judgment of conviction. Rather, after review of the petition and its attachments and taking judicial notice of the docket of the Eighth Judicial District Court, it appears that petitioner is a pretrial detainee. As a pretrial detainee, petitioner must file his petition pursuant to 28 U.S.C. § 2241, not § 2254, and must file the petition on the form for § 2241 petitions. Accordingly, the Court will require petitioner to file an amended petition on the § 2241 form.

       Second, following initial review, it appears, *inter alia*, that the petition is wholly unexhausted and is also barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner must therefore show cause in writing why this action should not be dismissed without prejudice.[1]

---

[1] This order does not explicitly or implicitly hold that the petition is otherwise free of deficiencies.

1

**Exhaustion**

A state criminal defendant seeking to restrain pending state proceedings via a federal writ of habeas corpus must first exhaust his state court remedies before presenting his constitutional claims to the federal courts. The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254(b)(1). *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).[2] To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The only case petitioner has initiated with the Nevada Supreme Court is a petition for writ of mandamus, which remains pending.[3] Moreover, the petition for writ of mandamus does not involve either of the claims petitioner asserts in this case. Thus, it appears the petition in this case is wholly unexhausted.

Accordingly, petitioner must show cause why the federal petition should not be dismissed for lack of exhaustion. In order to establish exhaustion of all federal claims presented herein,

---

[2] *Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984) (Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944) (applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

[3] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=46344 (last visited July 20, 2018).

petitioner must demonstrate that he has presented each federal claim in this matter to the state courts through to the Supreme Court of Nevada.

*Younger* Abstention

As a general rule, even when the claims in a petition have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85; *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Petitioner therefore must also show cause why the petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

In accordance with the foregoing, IT IS THEREFORE ORDERED that, as petitioner has paid the filing fee, the Clerk shall FILE the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that petitioner shall file an amended petition on the Court's § 2241 form.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 and shall place the docket number, 2:18-cv-01263-APG-NJK, in the space to the right of the caption. Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the court.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why: (a) the federal petition should not be dismissed without

prejudice for lack of exhaustion; and (b) the federal petition further is not subject to dismissal without prejudice based upon the *Younger* abstention doctrine.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which petitioner bases an argument that the petition should not be dismissed. Unsupported assertions of fact will be disregarded.

IT FURTHER IS ORDERED that, if petitioner maintains that any claims in the petition have been exhausted, petitioner shall attach with his show-cause response: (a) copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that each federal claim in the present matter is exhausted; and (b) copies of all written state court decisions on the claims.

If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice. Petitioner must demonstrate that the action is not subject to dismissal within the time allowed, based upon the state of affairs existing as of that time. Nothing herein restrains any state proceeding.

The Clerk shall SEND the petitioner two copies each of his petition and an AO-0242 form for a § 2241 petition, which can be retrieved from the forms page on the JNet.

Dated: July 24, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE